## REDICK vs. PATTERSON.

If no notice has been given by the plaintiff in certiorari, the court of common pleas will not take jurisdiction of the cause.

CERTIORARI.

The return set forth proceedings under the "act against forcible entry and detainer.

WRIGHT, for the defendant, in error, moved the court that the cause might be stricken off the docket, because no notice had been given.

GOODENOW, contra, cited 2 Cranch 348.

PRESIDENT.—This court has appellate jurisdiction "from the decisions of the justices of the peace in all cases." If the subject matter, and the parties, are brought before us in a legal and proper manner. To bring the cause of action, and the parties to it, before this court, by the writ of certiorari, the writ must first be allowed by one of the judges "on good cause shewn"—it must bear date "within fifteen days after the rendition of the judgment intended to be affected thereby"—and no justice of the peace is bound to obey any writ of certiorari, unless it is so dated. After the writ is so allowed, the clerk of the court cannot lawfully issue it, until a bond, with sufficient security, is given : the law then provides, " that the person applying for such writ, shall notify the other party in the suit, or his, her or their agent or attorney, by leaving a written notice at his, her or their dwelling house, or last place of abode, or by advertising the same in three of the most public places within his township, at least ten days previous to the sitting of the court." The certiorari in this case, has been regularly issued and returned, but no notice whatever has been given to the defendant, and the question now is, whether the proceedings of the court below, are legally brought within the appellate jurisdiction of this court.

The whole proceedings under the " act against forcible entry and detainer, seem carefully guarded against delay, and to have in view the providing a summary and effectual remedy against those who shall forcibly enter, or having peacably entered, shall forcibly detain possession

JEFFERSON.
September, 1817.

of lands or tenements.  It would contravene the intention of this statute, to permit plaintiffs in Certiorari, to delay the notice until after the return of the writ, and would in many cases, by the delay, defeat the object of it.  The notice to be given to the defendant, is like the service of *mes.1e* process, it would not be thought regular to return a summons before it had been served ; and yet the defendant, in such case, would have been made as much a party to the suit as he is here.   The party is required to give this notice, his neglecting to do it, is a voluntary abandonment of his suit, and we ought not to take jurisdiction of it.  Motion granted.